ALFRED HEWSON *v.* SARAH CRESWELL.

In a redhibitory action when defendant cites his vendor in warranty, and there is judgment for the defendants generally, plaintiff must include the warrantor in his appeal bond or the appeal will be dismissed.

Citation of the warrantor to answer the appeal, without an appeal bond in his favor, is not sufficient.

All parties interested in maintaining the judgment appealed from must be included in the appeal bond.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Cohen,* for plaintiff and appellant. *Rozier,* for defendant.

SPOFFORD, J. *Alfred Hewson* sued *Sarah Creswell* for the value of a slave, alleged to be affected with a redhibitory vice.

*Creswell* pleaded a general denial and called in warranty her vendor *Watson.* *Watson* pleaded the general denial. There was judgment in favor of the defendant generally.

The plaintiff, at a succeeding term, filed a petition of appeal, but did not pray for citation against any one. An appeal was granted as prayed for.

The plaintiff gave a bond in favor of *Creswell* alone.

Both *Creswell* and *Watson* were cited to answer the appeal.

Mrs. *Creswell* has filed a motion to dismiss, on the ground that her warrantor, *Watson,* should have been made a party, and that *Hewson* has not taken the proper steps to bring him effectually into Court.

It is the duty of an appellant to bring before the Court, in due form, all those parties to the judgment he seeks to have reversed or amended, who are interested in its maintenance. The warrantor in this case certainly has such an interest. *Olivier* v. *Williams,* 12 Rob. 180; *Curry* v. *Roberts,* 12 L. R., 474, *Guerin* v. *Bagnieres,* 9 L. R., 471; *Blanc* v. *Cousin,* 8 An. 72.

And it is not sufficient that *Watson* has been cited. There should have been a bond given in his favor by the appellant.

All the parties interested in having the judgment remain undisturbed must be included in the appeal bond or the appeal will be dismissed. *Swearingen* v. *McDaniel,* 12 Rob. 203.

It is no answer to say that the defendant may make her warrantor a party appellee if she chooses. For the defendant does not appeal. She is content with the judgment as it is. But if the plaintiff wishes it reversed, it is his business to bring the warrantor before us also, that the litigation may be terminated in a single trial.

The appeal is dismissed at appellant's costs.